IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEDRO J. "PETE" AMARO,

    Petitioner,

v.                                                                No. 1:17-cv-00898 RJ/LF

R.C. SMITH, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

Before the Court is Pedro Amaro's Class Action Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). Amaro asks the Court to vacate all criminal judgments entered in New Mexico's Ninth Judicial District Court between 1979 and 2012/2013. (Doc. 1, p. 1). Amaro also appears to challenge his state court murder conviction based on, inter alia, judicial misconduct, prosecutorial misconduct, and ineffective assistance of counsel. (Doc. 1, p. 9). As discussed below, the Court will dismiss all "class action" claims and require Amaro to show cause why his own habeas petition should not be dismissed as untimely.

## BACKGROUND

Amaro was convicted of first degree murder, tampering with evidence, and burglary in New Mexico's Ninth Judicial District Court, case no. D-905-CR-2001-00182.[1] Judgment on his conviction was entered no later than 2004. *See* NTC: Entry of Judgment entered April 20, 2004 in D-905-CR-2001-00182. Amaro filed a direct appeal from the criminal judgment, which was

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *Stack v. McCotter*, 2003 WL 22422416 (10th Cir. 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201).

affirmed on August 19, 2005. *See* Mandate/Affirmed entered August 19, 2005 in D-905-CR-2001-00182. Amaro's conviction and sentence therefore became final by November of 2005, when the "ninety-day time period for filing a certiorari petition with the United States Supreme Court expired." *Harris v. Dinwiddie,* 642 F.3d 902, 906 n. 6 (10th Cir. 2011) (addressing finality in § 2254 cases). Nearly twelve years later on August 30, 2017, Amaro filed the federal § 2254 petition. *See* Doc. 1.

## DISCUSSION

### 1. Class Action Claims

As an initial matter, Amaro seeks to vacate the judgments of thousands of prisoners convicted over the course of about 32 years. He argues that all judgments entered in New Mexico's Ninth Judicial District Court between 1979 and 2012/2013 "are void for lack of jurisdiction" because they were "procured by fraud...." (Doc. 1, p. 1). Even if § 2254 afforded this type of relief - which it does not - a *pro se* litigant cannot represent or act on behalf of others. As the Tenth Circuit pointed out, "the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975)). Amaro's "class action" claims purporting to challenge the convictions of other unidentified prisoners will therefore be dismissed.

### 2. Timeliness of Amaro's Habeas Claims

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

2

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

It appears that the one-year limitation period had expired over a decade before Amaro filed his § 2254 petition. Amaro argues equitable tolling applies based on the State's alleged "concealment of the misconduct." (Doc. 1, p. 10). He states:

> The ... statute of limitations period for individual cases was equitably tolled by the State's improper concealment of the misconduct (initially 1 and covert abuse of the Grand Jury process and its procedures though collusion and 'Good ol' Boy' culture of secrecy, where Petitioner and members of the Class were prevented from obtaining knowledge about the cause of action and availability of a "Procedural Default" defense until a former 9th Judicial District district attorney (Kirk E. Chavez) opted to 'blow-the-whistle' on the issue(s) in a public forum on behalf of a client

*Id.* This information, without more, is not enough to establish equitable tolling. The doctrine only applies "if a petitioner is able to show *specific facts* to support his claim of extraordinary circumstances and due diligence." *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (emphasis added). The Court will therefore require Amaro to provide more information within thirty (30) days of entry of this Order about why his § 2254 petition should not be dismissed as untimely. Failure to timely respond to this order or otherwise show cause may result in dismissal

3

of the § 2254 action without further notice. *See Hare v. Ray*, 232 F.3d 901 (10th Cir. 2000) (unpublished) (the district court may *sua sponte* dismiss an untimely § 2254 petition where the petitioner fails to identify circumstances that would support tolling).

IT IS THEREFORE ORDERED that Amaro's "class action" claims purporting to challenge the convictions of other unidentified prisoners are DISMISSED with prejudice.

IT IS FURTHER ORDERED that, within thirty (30) days of entry of this Order, Amaro must file a response showing cause, if any, why his § 2254 petition should not be dismissed as untimely.

12-5-17

_____
UNITED STATES DISTRICT JUDGE