**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PEDRO J. "PETE" AMARO,

     Petitioner,

v.                                                                               No. 1:17-cv-00898 MCA/LF

R.C. SMITH, *Warden*,
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

     Respondents.

## MEMORANDUM OPINION AND ORDER
## DISMISSING HABEAS PETITION

**THIS MATTER** is before the Court on Pedro Amaro's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"). (Doc. 1). Also before the Court are various motions to proceed *in forma pauperis*; appoint counsel; expand the record; pursue class action claims; require the State of New Mexico to comply with due process; and for summary judgment. (Docs. 2-6, 11, 17-19, and 22). For the reasons set out below, the Court will dismiss the Petition as untimely and deny as moot all other pending motions.

**BACKGROUND**

Amaro was convicted of first degree murder, tampering with evidence, and burglary in New Mexico's Ninth Judicial District Court, case no. D-905-CR-2001-00182.[1] Judgment on his conviction was entered no later than 2004. *See* NTC: Entry of Judgment entered April 20, 2004 in D-905-CR-2001-00182. Amaro filed a capital appeal to the New Mexico Supreme Court (NMSC), which affirmed the criminal judgment on August 19, 2005. *See* Mandate/Affirmed

---

[1] This Court took judicial notice of the State Court criminal docket. *See Stack v. McCotter,* No. 02-4157, 2003 WL 22422416, at *391 (10th Cir. Oct. 24, 2003) (unpublished) (finding that a state district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (same).

entered in D-905-CR-2001-00182. Amaro's conviction and sentence therefore became final by November of 2005, when the "ninety-day time period for filing a certiorari petition with the United States Supreme Court expired." *Harris v. Dinwiddie,* 642 F.3d 902, 906 n. 6 (10th Cir. 2011) (addressing finality in § 2254 cases).

Between 2005 and 2007, Amaro filed two motions in the state criminal case requesting records and transcripts. *See* Motions entered October 25, 2005 and May 1, 2007 in D-905-CR-2001-00182. There was no other case activity until April 3, 2015, when Amaro filed a state habeas petition. The State Court dismissed the petition on April 16, 2015. *See* Order Summarily Dismissing Petition for Writ of Habeas Corpus entered in D-905-CR-2001-00182. Amaro filed a petition for writ of certiorari with the NMSC, which was denied on July 28, 2017. *See* NCJ: Disposition Order in D-905-CR-2001-00182.

On August 30, 2017, Amaro filed the present federal § 2254 Petition. (Doc. 1). The Petition seeks to vacate all criminal judgments entered in New Mexico's Ninth Judicial District Court between 1979 and 2012/2013. (Doc. 1, p. 1). It also appears to challenge his State Court convictions based on, inter alia, judicial misconduct, prosecutorial misconduct, and ineffective assistance of counsel. (Doc. 1, p. 9). By a Memorandum Opinion and Order entered December 5, 2017, the Court dismissed all "class action" claims after noting that *pro se* parties cannot act on behalf of others. (Doc. 10). The Court also directed Amaro to show cause why his individual § 2254 claims should not be dismissed as untimely. *Id.*

**ANALYSIS**

<u>1. Time Limitations on Habeas Proceedings</u>

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The

2

one-year limitation period can be extended:

    (1)    While a state habeas petition is pending, § 2244(d)(2);

    (2)    Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

    (3)    Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

    (4)    Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Amaro filed his federal § 2254 Petition nearly twelve years after his criminal judgment became final. However, in his forty-three-page show-cause response, Amaro maintains the Petition is still timely because he was "impeded, thwarted, and prevented" from "perfecting a habeas petition." (Doc. 12, p. 10). The factual grounds for tolling are summarized as follows:

- The State Court failed to timely respond to Amaro's motions in 2005 and 2007 requesting records and transcripts, which meant he initially lacked access to the case file and trial transcripts. (Doc. 12, p. 4). When he finally obtained the "limited case-related materials" in 2012, he had to "translate each cassette in an environment filled with noise, cell-mates, and interruptions . . . ." (Doc. 12, p. 8).

- He was nearly poisoned by carbon monoxide on December 28, 2012 and experienced other health issues, such as thyroid disease, during his incarceration. (Doc. 12, p. 7-8).

- He began drafting the habeas petition in 2013, but he could not obtain counsel to provide assistance. (Doc. 12, p. 8).

- He did not "discover" his habeas claims until the NMSC issued *De Leon v. Hartley,*

3

2014-NMSC-005, 316 P.3d 896, in which it held that an indictment must be quashed where a district attorney is permitted to excuse grand jurors. Specifically, Amaro argues that "knowledge of the factual predicate for his claim presented itself <u>only</u> when … Kirk Chavez"—who was counsel of record for the petitioner in *De Leon*—"blew the whistle" on grand jury irregularities. (Doc. 12, p. 4, 17).

    2. Analysis of Tolling Arguments

Amaro's arguments are insufficient to toll the one-year limitation period for filing a § 2254 petition, for several reasons. First, the late filing is not traceable to unconstitutional state action as required by 28 U.S.C. § 2244(d)(1)(B). "The unconstitutional state-created impediment referenced in [that section] relates to an impediment that prevents the filing of a federal court action." *Corson v. Colorado*, No. 17-1204, 2018 WL 718605, at *2 (10th Cir. Feb. 6, 2018) (internal quotation marks and citation omitted). The State Court may have been slow to respond to certain document requests in 2005 and 2007, but Amaro has failed to explain why he could not timely file his § 2254 Petition without that information. Further, Amaro had at least some of the critical documents, such as trial transcripts, by 2012. Even if the one-year limitation period started running in 2012, the Petition would still be untimely because Amaro filed it in 2017.[2]

The show-cause response also fails to demonstrate grounds for equitable tolling based on Amaro's health issues and lack of counsel. Equitable tolling "is only available when an inmate diligently pursues [the] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [the inmate's] control." *Marsh v. Soares,* 223 F.3d 1217,

---

[2] The Court also notes that Amaro's 2015 state habeas petition does not change the result. The filing of a state habeas petition after the expiration of the one-year limitation period does not restart that period or otherwise immunize an untimely federal petition. *See Gunderson v. Abbott*, No. 05-8125, 2006 WL 752038, at *809 (10th Cir. Mar. 24, 2006) (unpublished) ("A state court [habeas] filing submitted after the … deadline does not toll the limitations period."). Amaro's 2015 state habeas petition therefore does not change the result

1220 (10th Cir. 2000). "[A]n inmate bears a strong burden to show specific facts to support [a] claim of extraordinary circumstances . . . ." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks and citation omitted). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).

It is well established that the lack of legal assistance is not extraordinary. *Id.; see also Marsh*, 223 F.3d at 1220 (holding: "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" (internal quotation marks and citation omitted)). Our Tenth Circuit has also declined to apply equitable tolling where, as here, the petitioner referenced his medical issues but did not otherwise explain his multiple-year delay in seeking federal relief. *See Garza v. Kansas*, No. 11-3283, 2011 WL 5966919, at *736 (10th Cir. Nov. 30, 2011) (unpublished) (rejecting tolling argument where the petitioner made "a passing reference to [a] medical history" without describing how the alleged "condition would have prevented him from timely asserting his claims"). Accordingly, this case does not present one of those "rare and exceptional circumstances in which the untimely filing of a federal habeas petition should be excused" on equitable grounds. *Id.*

Finally, *De Leon* does not afford relief under 28 U.S.C. § 2244(d)(1)(D). That section tolls the limitation period until "the date on which the *factual* predicate of the claim . . . could have been discovered through the exercise of due diligence." (emphasis added). *De Leon* made Amaro aware of the potential *legal* basis for his claims, namely that a judge may violate the defendant's constitutional rights by allowing the district attorney to excuse grand jurors. *De Leon,* 2014-NMSC-005, ¶ 20. The Court also notes that, as a State Supreme Court ruling, *De Leon* does not trigger the commencement of a new one-year limitation period under the exception for rights

5

that are "newly recognized by the [United States] Supreme Court." 28 U.S.C. § 2244(d)(1)(C). Amaro has therefore not established grounds for tolling under Section 2244(d) or principles of equity.

3. Actual Innocence

Amaro also claims that he is actually innocent of the underlying crimes. A "credible showing of actual innocence" may "overcome" the one-year limitation period on filing a habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *see also Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that . . . he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez*, 628 F.3d at 1231 (internal quotation marks and citation omitted). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousley v. U.S.*, 523 U.S. 614, 623-624 (1998).

To take advantage of the "actual innocence" exception, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner must "support his [or her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 536–37 (2006) (discussing the showing necessary under

6

the "actual innocence" exception).

The majority of Amaro's arguments supporting his actual innocence claim challenge the legal sufficiency of his convictions. He argues the trial was "riddled with … constitutional errors" such as: (1) conflicts of interest; (2) *Brady* violations; (3) grand jury issues; (4) illegal search and seizure; (5) improper warrantless arrest; (6) double jeopardy; (7) perjured testimony by an ex-girlfriend who was a "known liar;" (8) Fifth Amendment violations; (9) "inflammatory" crime scene photos; and (10) unspecified police errors during the investigation. (Doc. 12, p. 10-13, 20-21, 24, 30). These alleged procedural irregularities do not speak to whether Amaro committed the underlying crime.

Further, the facts that address the murder charges do not establish Amaro's innocence. Amaro asserts it was "medically impossible" for him to have murdered the victim because the eye witness testimony purportedly conflicted with the testimony by the Medical Examiner. (Doc. 12, p. 25-26). At trial, the Medical Examiner opined that the victim died after 2:26 p.m. on April 21, 2001, while the eye witness testified she saw Amaro slit the victim's throat about twelve hours earlier than that timeframe. *Id.* Amaro also argues the victim's wounds undermined the witness' testimony about the attack, and that the witness changed her testimony about the murder weapon. *Id.* at p. 26, 28, 35, 36, and 38. None of this information constitutes "strong," "reliable" evidence of innocence, and none of it is new. *See Schlup*, 513 U.S. at 316, 324. The Petition indicates the evidence was presented to the jury, who considered it and found that Amaro was guilty of murder. Amaro's actual innocence claim therefore fails, and the Court will dismiss the § 2254 Petition as untimely. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11(a), as Amaro has failed to make a substantial showing that he has been denied a constitutional right.

4. Pending Motions

In addition to the Petition, Amaro filed the following motions:

- A Motion to Appoint Counsel to assist him in the federal habeas proceeding (Doc. 2);

- A Motion for Class Certification, which seeks to certify a class of federal habeas petitioners (Doc. 6);

- Three Motions to Expand the Record, which seek leave to present additional evidence and case law to support Amaro's habeas claims (Docs. 3, 11, and 22);

- A Motion for Order to Show Cause, which seeks an order directing the State of New Mexico to file an answer to the habeas petition (Doc. 4);

- A Motion for Summary Judgment on the habeas claims (Doc. 5);

- Two Motions for Leave to Proceed *In Forma Pauperis,* which were filed after Amaro paid the $5.00 filing fee in full (Docs. 17, 18); and

- A Motion for Rulings and Order of Dismissal Regarding Class Action Claims, which seeks entry of a final judgment so that Amaro can appeal the dismissal of the class action habeas claims (Doc. 19).

Having carefully reviewed each Motion, the Court finds that dismissal of the § 2254 Petition as untimely renders the above requests moot. All pending motions will therefore be denied.

**CONCLUSION**

Based on the foregoing, **IT IS ORDERED** that Pedro Amaro's Class Action Petition Under 28 U.S.C. § 2254 and Fed. R. Civ. P. 23 For Writ of Habeas Corpus by a Person in Custody (Doc. 1) is **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and judgment

will be entered.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 2, 3, 4, 5, 6, 11, 17, 18, 19, and 22) are **DENIED** as moot.

**SO ORDERED** this 24th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE