IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO J. "PETE" AMARO,

    Petitioner,

v.                                                                 No. 1:17-cv-00898 WJ/LF

R.C. SMITH, *Warden*, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Pedro Amaro's *Pro Se* Motion for Reconsideration (Motion) (Doc. 25). Amaro asks the Court to reconsider the dismissal of his 28 U.S.C. § 2254 habeas petition. Having considered the Motion, the record, and applicable law, the Court will deny the Motion.

## BACKGROUND

In 2004, Amaro was convicted of first degree murder, tampering with evidence, and burglary in New Mexico's Ninth Judicial District Court, case no. D-905-CR-2001-00182. Amaro filed a capital appeal to the New Mexico Supreme Court (NMSC), which affirmed the conviction and sentence on August 19, 2005. About ten years later, Amaro filed a state habeas petition. The state court dismissed the petition, and the NMSC denied certiorari review. On August 30, 2017, Amaro filed a "Class Action Habeas Petition" under 28 U.S.C. § 2254. He sought habeas relief on behalf of every single prisoner sentenced in New Mexico's Ninth Judicial District Court between 1979 and 2012/2013.

By a Memorandum Opinion and Order entered December 5, 2017, the Court dismissed all "class action" claims and directed Amaro to show cause why his individual § 2254 claims should

not be dismissed as untimely. *Id.* The Court noted the limitation period expired in 2006, one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). In his show-cause response, Amaro argued the one-year limitation period was tolled for at least nine years because: (1) the state prevented him from filing a habeas petition; (2) he experienced health issues in 2012; (3) he could not obtain counsel; and (4) he did not "discover" the facts supporting his habeas claims until the NMSC issued *De Leon v. Hartley,* 2014-NMSC-005, 316 P.3d 896. Alternatively, Amaro argued the one-year limitation period did not apply because he was actually innocent of the crime. By a Memorandum Opinion and Order entered May 24, 2018, the Court determined tolling did not apply and dismissed the untimely habeas petition. Amaro filed the Motion to Reconsider three weeks later.

## DISCUSSION

Amaro moves for reconsideration under Fed. R. Civ. P. 59(e), which applies to motions filed within 28 days of entry of the final judgment. Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* *See also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (a motion to reconsider can be granted when the Court errs with respect to the facts or law).

Although Amaro does not cite any new law or evidence, he alleges the Court erred in a variety of ways. He contends:

- The Court "ignored" the fact that the Ninth Judicial District Court violated the rights

2

of every prisoner sentenced over a 32 year period;

- The Court inappropriately treated the petition as a "run of the mill" civil habeas matter instead of applying Fed. R. Civ. P. 23 (addressing class action lawsuits);

- The Court inappropriately focused on whether Amaro's petition was timely, instead of looking at whether any class member could submit a timely petition;

- The Court applied "pretend rules" (*i.e.,* 28 U.S.C. §§ 2244 and 2254, which address the timeliness of habeas petitions) in order to "callously … affirm the state's wrongful convictions;"

- The petition was timely based on the arguments previously raised in the show-cause response (*i.e.,* state-impediment to filing; equitable tolling; and actual innocence);

- The Court should have appointed counsel;

- The Court should not have taken judicial notice of state court judgments;

- The Court issued a dispositive Memorandum Opinion and Order without asking the Magistrate Judge to weigh in with recommendations and a proposed disposition; and

- The Court denied Amaro's due process rights by failing to reach the merits of his untimely petition.

At best, the Motion rehashes Amaro's original arguments on timeliness, which were carefully considered and rejected in connection with the earlier ruling. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (A "motion for reconsideration … is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Otherwise, Amaro's arguments are frivolous. It is well established that a petitioner "he must show that he can satisfy the procedural requirements of" 28 U.S.C. §§ 2244 and 2254 before the Court will "address the merits of [his] claim." *United States v. Greer*, 881 F.3d 1241,

1244 (10th Cir. 2018). The Motion to Reconsider will therefore be denied.

**IT IS ORDERED** that Pedro Amaro's *Pro Se* Motion for Reconsideration (Motion) (Doc. 25) is **DENIED**.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE